■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELBERT THOMAS, Appellant.— Appeal from a judgment of the County Court, Suffolk County, rendered September 6, 1963. Pursuant to an order of this court, the appeal has been held in abeyance pending determination of a *Huntley* hearing (*People* v. *Thomas,* 24 A D 2d 466); such hearing has been held and determined adversely to defendant and on March 18, 1968 the appeal was placed on the calendar for reargument of all the issues. Judgment affirmed. No opinion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE THOMAS and LAWRENCE WALKER, Appellants.— Two judgments of the Supreme Court, Kings County, both rendered October 25, 1966, each convicting a respective defendant of murder in the first degree, upon a jury verdict, and sentencing him to life imprisonment, reversed, on the law, and new trial ordered. The findings of fact below are affirmed. At the outset of the trial, defendant Walker moved for a severance but the motion was denied. Immediately after the People's case was closed, and in the presence of the jury, defendant Thomas called defendant Walker as a witness. Walker, who had no previous knowledge that he would be called as a witness, refused to testify. His motions for a mistrial and a severance were denied. In our opinion, Walker was materially prejudiced when he was called to the stand and required to assert his right to refuse to testify (*People* v. *Owens,* 28 A D 2d 914, 915, affd. 22 N Y 2d 93). A Trial Judge's refusal to grant a severance is not final. " A retrospective view by an appellate court may reveal injustice or impairment of substantial rights unseen at the beginning" (*People* v. *Fisher,* 249 N. Y. 419, 427; *People* v. *La Belle,* 18 N Y 2d 405, 409). In our opinion, the interests of justice require that a new trial be granted to both defendants. Brennan, Hopkins, Benjamin

and Martuscello, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgments, with the following memorandum: In my opinion, under the circumstances herein, defendant Walker cannot be deemed to have been "materially prejudiced", as found by the majority, by virtue of the fact that he was called as a witness by his codefendant and thereafter asserted his right to refuse to testify. In *People* v. *Owens* (28 A D 2d 914, affd. 22 N Y 2d 93), the defendant was compelled to take the stand and plead his privilege to specific questions. In this case, however, Walker, when called as a witness, stated that he refused to testify and he was not required to take the stand. This ended the matter insofar as the jury was concerned, and no further reference was made to this incident. Moreover, it is significant that in *Owens* (*supra* p. 98), the Court of Appeals stated: "Nor was the proof of guilt in this case, particularly on the issue of identification, so overwhelming that the error could be deemed harmless beyond a reasonable doubt." At bar, the evidence of guilt was overwhelming and, in my opinion, the claimed error had little, if any, likelihood of having affected the verdicts. In fact, I am convinced beyond a reasonable doubt that the claimed error did not affect the result and, under the doctrine of "harmless error", may be disregarded (*Chapman* v. *California,* 386 U. S. 18). Accordingly, I am of the view that *Owens* (*supra*) is not dispositive of these appeals and that the judgments should be affirmed.